**Declaration of Subodh Chandra**

I, Subodh Chandra, state as follows:

1.      I am over the age of 18 and competent to testify to the facts below based on personal knowledge.

2.      I am counsel for Defendant Stacy Hinners.

3.      On June 2, 2019, I served a demand for discovery on the State in the criminal prosecution of Mrs. Hinners.

4.      On June 5, 2019, Defendant Michael O'Shea provided a limited production. That production included several audio and video recordings of the May 14, 2019, meeting of the Huron City Council. Authentic copies of those productions are attached as Exs. A-1, A-2, A-3, A-4, A-5, and A-6.

5.      A compilation of those productions is attached as Ex. A-7.

6.      Also included in that production was a copy of the Huron Police Department's report of its investigation into Stacy Hinners's speech at the May 14 meeting. An authentic copy of that report is attached as Ex. A-8.

7.      Two months after serving a demand for discovery on the State, the State had not produced any records indicating why police belived that Stacy Hinners "did disrupt the City of Huron Council meeting." The State provided no indication of what Ms. Hinners may have done until it filed its Opposition to the Motion for a Bill of Particulars, where it offered a conclusory assertion that Ms. Hinners didn't adhere to "Presentation Protocol."

8.      Because this was the first time I had ever heard of Council's "Presentation Protocol," my firm served a demand for discovery seeking access to that document on August 3. An authentic copy of that request is attached as Ex. A-9.

9.      Defendant O'Shea ignored that request.

10.     Ten days later, on August 13, my firm made a third discovery request, again asking for Council's "Presentation Protocol." An authentic copy of that request is attached as Ex. A-10.

11.     Assistant Prosecutor O'Shea's response indicated that he was aware of only a general practice of city councils adopting "unwritten protocol on how they conduct meetings." An authentic copy of that reply is attached as Ex. A-11.



12. In a separate conversation, Defendant O'Shea told me that he believed there was probable cause to prosecute Mrs. Hinners based on "her entire course of conduct" at the May 14, 2019, meeting.

13. In a subsequent reply, Defendant O'Shea subsequently copies of meeting minutes, Huron's city charter, and and Huron's Administrative Code, none of which laid out any kind of "Presentation Protocol." An authentic copy of that reply and the attached productions is attached as Ex. A-12.

14. Because of the evidence of selective prosecution in retaliation for Mrs. Hinners's exercise of her right to free speech, I wrote to Erie County Prosecutor Kevin Baxter on her behalf to request an investigation into the criminal interference with her civil rights. Authentic copies of those communications are attached as Exs. A-13 and A-14.

15. As a result of that request, Prosecutor Kevin Baxter referred the matter to the Erie County Court of Common Pleas, which appointed Attorney General Dave Yost as a special prosecutor. An authentic copy of that referral is attached as Ex. A-15.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 11, 2019

Subodh Chandra