**PLAINTIFF'S EXHIBIT D-20**

Subodh Chandra <subodh.chandra@chandralaw.com>

# State of Ohio v. Stacy Hinners, et al.—our call this morning to request City of Huron prosecuting attorney's dismissal of criminal charges with prejudice

**Subodh Chandra** <subodh.chandra@chandralaw.com>                    Wed, May 15, 2019 at 2:01 PM
To: Aimee Lane <alane@walterhav.com>
Cc: William Hanna <whanna@walterhav.com>, Mark Wallach <mwallach@walterhav.com>, Ashlie Case Sletvold <ashlie.sletvold@chandralaw.com>, Donald Screen <don.screen@chandralaw.com>, Brian Bardwell <brian.bardwell@chandralaw.com>

Dear Director Lane:

I am writing to follow up on my telephone call with you, Mr. Wallach, and Mr. Hanna this morning to request, on behalf of Stacy Hinners, dismissal with prejudice of all criminal charges. Currently, Ms. Hinners is charged with violating H.C.O. 509.04 ("disrupting a lawful meeting").

As I explained during our call, I was calling you solely in your capacity as prosecuting attorney of the city of Huron—the highest prosecutorial authority of the jurisdiction—in an effort to appeal to your ethical, prosecutorial judgment and discretion. Accordingly, I think any "client" consultation as Mr. Wallach suggested during our call would be inappropriate, because criminal charges are filed on the public's behalf and not on behalf of any civil client. The mayor and city manager, for example, have no decisionmaking authority and should not participate in any decision, regarding whether any individual is prosecuted. That is strictly a prosecutorial function.

During our call, you all were uncertain as to whether a call to you versus to Huron "police prosecutor" Michael Kaufman would be appropriate, and you said you would look into the question and call me back.

Since then, I've had the opportunity to look into that issue and write to report back what I found.

Section 5.10 of the city of Huron's charter provides that the law director "shall perform such duties as may be assigned to the office of city solicitor by law, as well as those imposed by the administrative code."

R.C. 733.51 provides that "[t]he director of law shall be prosecuting attorney of the mayor's court. When the legislative authority of the city allows assistants to the director of law, he [*sic*] may designate the assistants to act as prosecuting attorneys of the mayor's court. The person designated shall be subject to the approval of the legislative authority."

The city's own website states that a function of the law department is "to represent the City and the State in all prosecutions brought in the Huron Municipal Court, including round the clock availability to advise the various law enforcement agencies and providing advocacy services to all victims of crime within the jurisdiction of the Huron Municipal Court."

I found nothing in the codified ordinances linked through the city's website and last updated in January 2019 to indicate that the city's legislative authority (its council) has allowed you to designate assistants to act as prosecuting attorneys. I am accordingly left uncertain regarding the legal status or authority of Michael Kaufman, who, oddly, appears on the website of the Huron Municipal Court as "court staff." (I trust you will correct me if I overlooked something.)

Regardless, I think it's reasonable based on the above authority to conclude that you, as law director, are the highest prosecuting authority for the city, and that it is appropriate to request that *you* dismiss all charges against Ms. Hinners with prejudice, and do so immediately. If you direct Mr. Kaufman to execute that decision, that's fine with us.

As you surely know by now, video and audio of the incident—at which I understand were present—make plain that Ms. Hinners did not "disrupt" the Council meeting as was claimed but was engaged in First Amendment-protected speech— speech that the mayor and perhaps others apparently did not like. Putting aside for the moment the unconstitutional vagueness and overbreadth of H.C.O. 509.04 on its face and as applied (e.g., "[m]ake any utterance, gesture or display which outrages the sensibilities of the group'), any charge based on what transpired last night is improper. This incident is remarkably similar to the 2017 U.S. Supreme Court case of *Lozman v. City of Riviera Beach, Florida*. It would be best if the prosecution corrected course and dismissed charges with prejudice immediately, rather than continue the city and its officials down this unconstitutional path. No probable cause exists or ever existed to support the arrest or charge.

Finally, I ask you to consider issues of conflict before you personally make a judgment. You were a witness to what

transpired and to Ms. Hinners's speech, and it does appear that the mayor spoke with you and the city manager before having Ms. Hinners arrested. If an independent prosecutor needs to be swiftly appointed, and you have that authority, then please do so immediately.

The summons Huron police officers gave Ms. Hinners requires her to be in Huron Municipal Court on Friday, May 17, at 8:30 am. I am trying to avoid that necessity. A prompt response would be appreciated.
—
Subodh Chandra
The Chandra Law Firm LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH 44113.1326
216.578.1700 office • 216.578.1800 fax • 216.965.6463 mobile
Subodh.Chandra@ChandraLaw.com
www.ChandraLaw.com
**Twitter**: @ChandraLawFirm • @SubodhChandra • **Facebook**: The Chandra Law Firm LLC
—



 

This email may contain privileged or confidential information. If you are not the intended recipient, then please delete it and alert us.