**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STACY HINNERS, | : | Civil Action No. 1:19-cv-02868 |
| | : | |
| Plaintiff, | : | JUDGE BARKER |
| v. | : | |
| | : | MAGISTRATE JUDGE RUIZ |
| CITY OF HURON, et al. | : | |
| | : | |
| Defendant. | : | |

---

**DEFENDANTS THE CITY OF HURON, BRAD HARTUNG, ANDREW WHITE, GLEN GINESI, RICK SCHAFFTER, TREY HARDY, ROBERT LIPPERT, JOHN ORZECH, AND KEVIN KOEHLER'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Now come Defendants the City of Huron ("City"), Brad Hartung ("Mayor Hartung" or "Mr. Hartung"), Andrew White ("Mr. White"), Glen Ginesi ("Mr. Ginesi"), Rick Schaffter ("Mr. Schaffter"), Trey Hardy ("Mr. Hardy"), Robert Lippert ("Chief Lippert"), John Orzech ("Officer Orzech"), and Kevin Koehler ("Officer Koehler") (collectively "the City Defendants") and respectfully move this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on a portion of the claims asserted against them by Plaintiffs Stacy Hinners ("Mrs. Hinners") and Jason Hinners ("Mr. Hinners"). The City Defendants move for judgment on the pleadings on the following claims:

1. Probable cause for Mrs. Hinners' arrest defeats Plaintiffs retaliatory arrest claim (claim 2), malicious prosecution claim (claim 15), false arrest claim (claim 17), failure to intervene claim (claim 18), authorized action claim (claim 20), and state law false imprisonment claim (claim 27);

2. Mrs. Hinners' as-applied challenges, claims 4-6, fail as a matter of law;

FD
AR  **FISHEL DOWNEY**
**ALBRECHT & RIEPENHOFF** LLP™
Attorneys at Law

7775 Walton Parkway          (614) 221-1216 PH
Suite 200                    (614) 221-8769 FX
New Albany, Ohio 43054       www.fisheldowney.com

3. Huron Codified Ordinance 509.04 is not void for vagueness or unconstitutionally overbroad, requiring dismissal of claims 7 and 8;

4. Mrs. Hinners' false arrest claim (claim 17) against Mayor Hartung, Mr. White, and Chief Lippert fails because they did not arrest Mrs. Hinners;

5. Plaintiffs fail to adequately plead a § 1983 civil conspiracy claim (claim 19);

6. Plaintiffs also fail to adequately plead a § 1985(3) civil conspiracy claim (claim 23);

7. The City and the City Defendants in their official capacity are entitled to statutory immunity on Plaintiffs' intentional tort claims, claims 25, 26, 27, and 28;

8. Plaintiffs' state law civil conspiracy claim (claim 28) is barred by the intracorporate conspiracy doctrine;

9. The City is entitled to judgment on Plaintiffs' negligent hiring/retention/supervision claim (claim 29); and

10. Plaintiffs fail to plausibly plead a claim for destruction of records pursuant to Ohio Rev. Code § 149.351 (claim 31).

A memorandum in support of this Motion is attached hereto and incorporated herein.

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Stephanie L. Schoolcraft (0090682)
**FISHEL DOWNEY ALBRECHT RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
ddowney@fisheldowney.com
sschoolcraft@fisheldowney.com
*Counsel for Defendants City of Huron, Brad Hartung, Andrew White, Glen Ginesi, Rick Schaffter, Trey Hardy, Robert Lippert, John Orzech, and Kevin Koehler*



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ........................................................................................ v

BRIEF STATEMENT OF THE ISSUES TO BE DECIDED ...................................... x

MEMORANDUM IN SUPPORT.................................................................................. 1

I.   Statement of the Facts ....................................................................................... 1

II.  Law ...................................................................................................................... 5

    A. Standard of Review ...................................................................................... 5

    B. There was probable cause to arrest Mrs. Hinners. ...................................... 6

    C. Probable cause for Mrs. Hinners' arrest defeats Mrs. Hinners' retaliatory arrest claim (claim 2), malicious prosecution (claim 15), false arrest (claim 17), failure to intervene (claim 18), authorized action (claim 20), and state law false imprisonment (claim 27) claims.................................................................................................................. 9

    D. HCO § 509.04 and § 525.07 are not unconstitutional as applied to Mrs. Hinners.......... 14

    E. HCO 509.04 is not void for vagueness or overbroad, requiring dismissal of claims 7 and 8............................................................................................................. 16

    F. Mrs. Hinners' False Arrest claim fails against Mayor Hartung, Mr. White, and Chief Lippert because they did not arrest Mrs. Hinners. ........................................ 18

    G. Plaintiffs' fail to state a § 1983 Civil Conspiracy Claim. ............................... 19

    H. Plaintiffs' Civil Conspiracy Claim under § 1985(3) also fails....................... 20

    I. Plaintiffs intentional tort claims against the City and official-capacity intentional tort claims against the City Defendants fail............................................................ 21

    J. Plaintiffs' state law civil conspiracy claim also fails because it is barred by the intra-corporate conspiracy doctrine. ......................................................................... 22

    K. The City is entitled to judgment as a matter of law on Plaintiffs' negligent hiring/retention/supervision claim.............................................................................. 23

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

    L. Plaintiffs' fail to adequately plead their records destruction claim brought pursuant to Ohio Rev. Code § 149.351. ............................................................................................ 26

III.   Conclusion...................................................................................................................... 27

**FD AR** FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## **TABLE OF AUTHORITIES**

**Cases**

*Ada v. Guam Socy of Obstetricians and Gynecologists*, 506 U.S. 1011, 1012 (1992) ................. 14

*Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). .................................................... 8

*Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). ...................................... 6

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269, 223 S.Ct. 753 (1993) ............... 14

*Brikho v. City of Inkster*, 2019 U.S. Dist. LEXIS 148215, FN 2 (E.D. Mich. Aug. 30, 2019) .... 12

*Burns v. Heyns*, No. 1:14-cv-733, 2015 U.S. Dist. LEXIS 91744, *25-27 (W.D. Mich. July 15, 2015) ...................................................................................................................... 16

*California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547 (1991) ............................................ 18

*Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536-37 (6th Cir. 2017) .............................. 6,16

*Chavez v. Martinez*, 538 U.S. 760, 770 (2003) .............................................................................. 16

*City of Columbus v. Doyle*, 149 Ohio App.3d 164, 170, 2002-Ohio 4490 (10 Dist.) ............... 7,17

*City of Warren v. Lucas*, 11th Dist. Trumbull No. 99-T-0019, 2000 Ohio App. LEXIS 2416 (May 19, 2000) ...................................................................................................................... 8

*City of Zanesville v. Jones*, 2017-Ohio-1112, 2017 Ohio App. LEXIS 1095, ¶ 4 (5th Dist.). ....... 7

*Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 281 .............................. 23

*Collins v. Flowers*, 9th Dist. Lorain C.A. No. 04CA008594, 2005-Ohio-3797 .......................... 25

*Dawn v. AirTouch Cellular*, 42 F.Supp.2d 767, 771-72 (S.D. Ohio 1999) ................................. 25

*Day v. DeLong*, 358 F.Supp. 3d 687, 705 (S. D. Ohio 2019). ................................................. 11,18

*Devenpeck v. Alford*, 543 U.S. 146, 155, 125 S.Ct. 588 (2004). ..................................................... 12

*Doe v. Clairborne Cnty.*, 103 F.3d 495, 505 (6th Cir. 1996) ......................................................... 13

**FD AR** **FISHEL DOWNEY**
**ALBRECHT & RIEPENHOFF** LLP™
Attorneys at Law

v

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

*Engle v. City of Cuyahoga Falls*, 2015 U.S. Dist. LEXIS 80654, *25-26 (N. D. Ohio June 22, 2015) ............................................................................................................ 22

*Evans v. Smith*, 646 N.E.2d. 217, 224, 225 (1st Dist. 1994)...................................................... 14

*Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). ............................................. 10

*Fazica v. Jordan*, 526 F.3d 283, 295 (6th Cir. 2019). ................................................................ 12

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). ........................................ 6

*Fuller v. Cuyahoga Metro.*, 8th Dist. Cuyahoga No. 92270, 2009-Ohio-4716, *9 ..................... 24

*Gamino-Ramirez v. Hoornstra*, 2018 U.S. Dist. LEXIS 233789 (W.D. Mich. Feb. 22, 2018).... 20

*Gomez v. Noble County Children Servs.*, 7th Dist. Noble No. 09 NO 361, 2010-Ohio-1538, *35 .................................................................................................................................... 23

*Grayned v. Rockford*, 408 U.S. 104 (1972). ........................................................................ 17,18

*Greene County Agricultural Society v. Liming*, 89 Ohio St.3d 551, 556-557 ............................. 23

*Harris v. Sutton*, 183 Ohio App.3d 616, 2019-Ohio-4033, 918 N.E. 2d 181, ¶ 15 (8th Dist.)..... 21

*Harrison v. Ash,* 539 F.3d 510, 517 (6th Cir. 2008). ................................................................. 10

*Hartman v. Thompson*, 931 F.3d 471, 484-85 (6th Cir. 2019) ..................................................... 10

*Haverstick Enters. Inc. v. Fin Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994)..................... 21

*Howse v. Hodous*, 953 F.3d 402, 408, 409 (6th Cir. 2020). ............................................. 6,8,11,12

*Hull v. Cuyahoga Valley Jt. Vocational Sch. Dist. Bd. of Educ.*, 926 F.3d 505, 510 (6th Cir. 1991) ..................................................................................................................................... 19

*Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ........................... 10

*Jackson v. City of Cleveland*, 925 F.3d 793, 817, 818 (6th Cir. 2019)......................................... 19

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994)................................ 19

*Kerr v. Hurd*, 694 F.Supp.2d 817, 834 (S. D. Ohio 2010)........................................................... 22

FD AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

*Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585 .............................. 22

*Landing v. Doyle*, No. 3:14-cv-24, 2015 U.S. Dist. LEXIS 19424, *6-7 (S.D. Ohio Feb. 18, 2015) ................................................................................................................... 6

*Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)) .................. 10

*McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005). ............................................ 16

*Newton v. City of Cleveland Law Dep't.*, 8th Dist. Cuyahoga No. 102042, 2015-Ohio-1460 *17 ................................................................................................................... 22

*Nieves v. Bartlett*, 139 S. Ct. 1715, 1721, 204 L. Ed. 2d 1 (2019). ............................................ 10

*Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 815 (2000) ....................................................... 10

*Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986) .......................................................... 13

*Rhodes v. City of New Philadelphia*, 2011-Ohio-3279, 129 Ohio St.3d 304, 308 ...................... 26

*Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ............................................................... 19

*Rogers v. Barbera*, 170 Ohio St. 241, 243 (Ohio 1960) .............................................................. 14

*Royal Oak Entm't, LLC v. City of Royal Oak*, 205 F.App'x 389, 399 (6th Cir. 2006). ................ 21

*Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Indus. Int'l.*, No. 2:14-cv-593, 2015 U.S. Dist. LEXIS 16941, at *3 (S.D. Ohio Feb. 11, 2015) .............................................. 22

*Scott v. Harris,* 550 U.S. 372, 377, 127 S.Ct. 1769 (2007) ......................................................... 10

*Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661, ¶ 41 (2nd Dist.) .......... 25

*Silvers v. Clay Twp. Police Dept.* 2018-Ohio-2970, 117 N.E. 3d 954, ¶ 57 (2nd Dist.) .............. 25

*State v. Brand*, 2 Ohio App.3d 460, 462, 442 N.E.2d 805, 809 (1st Dist. 1981) ............... 15,17,18

*State v. Dorso*, 4 Ohio St.3d 60, 61, 446 N.E. 2d 449 (1983) ..................................................... 17

*State v. Florence*, 2014-Ohio-2337, *3,*6 (12th Dist.) ................................................................ 8

*State v. Henry,* 2018-Ohio-1128, 110 N.E. 3d 103, 116 (10th Dist. 2018) .................................... 8

vii

*State v. Merz*, 12th Dist. Butler No. 97-05-108, 2000 Ohio App. LEXIS 3414 (July 31, 2000).... 8

*State v. Wolf*, 111 Ohio App. 3d 774, 779, 677 N.E.2d 371 (7th Dist. 1996)................................ 9

*Steppe v. Kmart Stores*, 737 N.E.2d 58, 67 (Ohio App. 8th Dist. 1999) ...................................... 26

*Tucker v. Middleburg-Legacy Place*, 549 F.3d 545, 549 (6th Cir. 2008)....................................... 5

*United States v. Harriss*, 347 U.S. 612, 617 (1954) ...................................................................... 17

*Untalan v. City of Lorain,* 430 F.3d 312, 314 (6th Cir. 2005). ....................................................... 10

*Vaklian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)...................................................................... 20

*Walters v. Hawken School*, 8th Dist. Cuyahoga No. 75274, 1999 Ohio App. LEXIS 192 (Jan. 28, 1999) ............................................................................................................................... 25

*Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) ............................................................. 6

*Wilson v. Stark Cnty. Dep't of Human Servs.*, 70 Ohio St.3d 450, 639 N.E.2d 105, 107 (1994). 21

*Wilson v. Stark County Dep't. of Job & Family Servs.*, 2015-Ohio-5326 *22 ............................. 23

*Women's Medical Professional Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997)............. 22

*Zieber v. Heffelfinger*, 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227, ¶ 27...................... 22

**Statues**

42 U.S.C. § 1985(3) ......................................................................................................................... 20

Ohio Rev. Code § 149.351................................................................................................................ 26

Ohio Rev. Code § 149.351 (A) ........................................................................................................ 26

Ohio Rev. Code Chapter 2744 ......................................................................................................... 23

Ohio Rev. Code § 2744.01(C)(2)(f).................................................................................................. 23

Ohio Rev. Code § 2744.01(C)(2)(i).................................................................................................. 24

Ohio Rev. Code § 2744.02(B) ....................................................................................................23,24

Ohio Rev. Code § 2744.03................................................................................................................ 23

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Ohio Rev. Code § 2744.03(A)(3) ................................................................ 24

Ohio Rev. Code § 2744.03(A)(1) ................................................................ 24

Ohio Rev. Code § 2917.12 ................................................................... 6, 16

**Other Authorities**

HCO 509.04 .............................................................................. 6,16,17,18

HCO 509.04(A)(1) ........................................................................... 6

HCO 525.07 ................................................................................ 15

HCO 525.07(a) .............................................................................. 9

**FD**
**AR**
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## BRIEF STATEMENT OF THE ISSUES TO BE DECIDED

Was there probable cause to arrest Mrs. Hinners?

Does the existence of probable cause for Mrs. Hinners' arrest defeat Mrs. Hinners' retaliatory arrest (claim 2), malicious prosecution (claim 15), false arrest (claim 17), failure to intervene (claim 18), authorized action (claim 20) and state law false imprisonment (claim 27) claims?

Do Mrs. Hinners' as-applied challenges (claims 4-6) to Huron Codified Ordinance ("HCO") §§ 509.04 and 525.07 fail because no constitutional violation occurred?

Is HCO § 509.04 void for vagueness or unconstitutionally overbroad?

Can Mrs. Hinners state a false arrest claim against Mayor Hartung, Mr. White, and Chief Lippert because they did not arrest her?

Are Plaintiffs' § 1983, § 1985(3), and state law conspiracy claims barred by the intracorporate conspiracy doctrine?

Does Plaintiffs § 1985(3) claim fail because they are not members of a class protected by § 1985(3)?

Are the City Defendants statutorily immune from Plaintiffs' state law intentional tort claims and negligent hiring/retention/supervision claim?

Did Plaintiffs fail to adequately plead their negligent hiring/retention/supervision claim?

## SUMMARY OF THE ARGUMENTS PRESENTED

The City Defendants seek dismissal of a portion of Plaintiffs' claims. The video and audio evidence attached to Plaintiffs' complaint establishes there was probable cause to arrest Mrs. Hinners for unlawfully disturbing the City's May 14, 2019 council meeting and obstructing official business at the May 14, 2019 meeting. Probable cause for Mrs. Hinners' arrest is fatal to Plaintiffs' retaliatory arrest (claim 2), malicious prosecution (claim 15), false arrest (claim 17), failure to intervene (claim 18), authorized action (claim 20), and state law false imprisonment claims, requiring the dismissal of those claims.

Mrs. Hinners' unconstitutional as applied claims, claims 4-6, also fail because HCO §§ 509.04 and 525.07, as applied to Mrs. Hinners' actions on May 14, 2019, do not violate her First or Fifth Amendment rights.



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

x

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Mr. Hinners challenges HCO § 509.04 as void for vagueness (claim 7) and unconstitutionally overbroad (claim 8). This challenge fails because Ohio courts have previously concluded that an identical state statute is not void for vagueness or unconstitutionally overbroad, requiring dismissal of these claims.

The City Defendants also seek dismissal of Plaintiffs' three civil conspiracy claims because those claims are barred by the intracorporate conspiracy doctrine. Plaintiffs § 1985(3) claim also fails because Plaintiffs are not members of a class protected by § 1985(3).

With respect to Plaintiffs' state law claims, the City and the City Defendants named in their official capacities are entitled to statutory immunity, through Ohio Rev. Code Chapter 2744, from Plaintiffs' intentional tort claims. Statutory immunity also protects the City from Plaintiffs' negligent hiring/retention/supervision claim. Even if statutory immunity did not apply, Plaintiffs do not adequately plead their negligent hiring/retention/supervision claim because there are no allegations that Ms. Lane or Mr. O'Shea's actions were foreseeable. Finally, Plaintiffs' allegations do not sufficiently state an Ohio Rev. Code § 149.351 records destruction claim; Plaintiffs do not contend they requested the public records that were allegedly unlawfully destroyed and fail to include sufficient factual allegations to adequately plead they were "aggrieved requestors", warranting dismissal of the claim.

**FD AR** FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## MEMORANDUM IN SUPPORT

### I.  Statement of the Facts

The City Defendants will focus on the facts operative to this Motion. Plaintiffs allege that in May 2019, Mayor Hartung, Mr. Ginesi, Mr. Schaffter, and Mr. Hardy were all members of City Council. (Am. Compl. ¶¶ 10, 12-14). Mr. White was the City Manager, and Ms. Lane was the City's law director. (Id. at ¶ 11, 15).

Plaintiffs contend they post to a social media page about City Council's activity, attend City Council meetings, make public records requests to the City for various documents, and previously sued the City. (Id. at ¶¶ 29, 31, 35-36). Plaintiffs contend the City Defendants began discussing a plan to "get" them based on their activities. (Id. at ¶ 50). Plaintiffs filed another lawsuit against the City on May 13, 2019. (Id. at ¶ 54).

May 14, 2019 Meeting

A City Council meeting was held on May 14, 2019, and Mrs. Hinners attended this meeting. (Id. at ¶¶ 55-56; Doc 31-83, Ex. D-38, PageID #1447). A portion of the meeting was reserved so citizens could "address their concerns to City Council." (Doc 31-82, Ex. D-37, PageID # 1445). The meeting's agenda expressly limited the time citizens had to address concerns to City Council to three minutes. (Id.).

Mrs. Hinners spoke during the public comment period, and she initially spoke from her seat claiming she was "just going to stand here." (Am. Compl. ¶ 57; Doc 31-8, Ex. A-7, 0:12). After Mrs. Hinners began speaking from her seat, the video attached as an exhibit to the Amended Complaint shows Mayor Hartung ask Mrs. Hinners to "please address council." (Doc 31-8, Ex. A-7, 0:16). After Mayor Hartung made this initial statement, Mrs. Hinners remained standing at her seat, and began to address the audience with her back turned to Council. (Id. at 0:18). Mayor

FD
AR  FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

1

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Hartung then said, "Ms. Hinners please address council, step to the podium and address council, you're here in a public meeting to address council not the audience, it's council. Thank you" (Id. at 0:19-0:27).

Mrs. Hinners then walked to the podium, turned her back to Council instead of addressing Council, and resumed her speech. (Id. at 0:33; Am. Compl. ¶ 60). The video shows Mayor Hartung bang his gavel several times and repeatedly say "Ms. Hinners, Ms. Hinners, Mrs. Hinners." (Doc 31-8, Ex. A-7, 0:37). Plaintiffs contend that "seconds into her speech" Mayor Hartung tried to summon the police by repeatedly hitting a panic button. (Am. Compl. ¶ 65).

Mayor Hartung then left the meeting and walked to the police department but was unable to locate a police officer. (Id. at ¶ 66). Plaintiffs allege that upon Mayor Hartung's return to the meeting, he told Ms. Lane he wanted to have Mrs. Hinners charged. (Id. at ¶ 68). Mr. White messaged Chief Lippert about Mayor Hartung wanting Mrs. Hinners arrested, and Chief Lippert, in turn, contacted Officer Orzech and told him to remove Mrs. Hinners from the meeting and file charges against her. (Id. ¶¶ 71-72).

Mrs. Hinners continued her speech throughout this time. (Doc 31-8, Ex. A-7, 0:33-2:58). Mr. Hardy warned Mrs. Hinners at the 30-second mark of her allotted 3 minutes and Mrs. Hinners continued her speech. (Id. at 2:58). Mr. Hardy then told Mrs. Hinners her 3 minutes expired. (Id. at 3:27). Plaintiffs contend Mrs. Hinners was not given 3 full minutes to speak and was cutoff because she was talking about alleged secret payments to Mr. White. (Am. Compl. ¶ 75).

After Mrs. Hinners was told her 3 minutes expired, Mrs. Hinners turned around, faced Council, and requested Mayor Hartung permit her additional time to speak. (Doc 31-8, Ex. A-7, 3:30). Mayor Hartung denied her request, reiterating the 3-minute time limit. (Id. at 3:37-3:43). As Mayor Hartung denied Mrs. Hinners' request, she continued talking and argued about the 3-minute

FD
AR  FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
      Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

time limit. (Id. at 3:43). Mayor Hartung told Mrs. Hinners she was going to be charged with disrupting a public meeting, asked her to please sit down, and banged his gavel. (Id. at 3:44-3:52). Rather than sit down as instructed, Mrs. Hinners continued talking. (Id. at 3:53-4:00). Mayor Hartung told Mrs. Hinners she was making a mockery of the City Council meeting by turning and talking and told Mrs. Hinners two more times to sit down. (Id. at 4:00-4:10). Mrs. Hinners continued talking over Mayor Hartung as Mayor Hartung ordered her to sit down. (Id.). Mrs. Hinners finally began moving away from the podium towards her seat about 25 seconds after Mayor Hartung initially told her to sit down. (Id. at 4:13).

Sometime after Mrs. Hinners sat down, Mayor Hartung walked out of the meeting and spoke with two officers, Officers Orzech and Koehler. (Am. Compl. ¶ 87). Officer Orzech and Officer Koehler entered the meeting room, approached Mrs. Hinners and asked her if they could talk to her. (Am. Compl. ¶¶ 86, 89). The various videos attached to the Amended Complaint provide additional detail as to what occurs next. Mrs. Hinners initially responds to the Officers request by stating "absolutely you can talk to me" and standing up. (Doc 31-8, Ex. A-7, 9:25-26). Mrs. Hinners asks the Officers if they would like to talk to her in front of the whole crowd or if they wanted her to "step away." (Id. at 9:26-9:32). The Officers asked Mrs. Hinners to "speak to them outside." (Am. Compl. ¶ 89). Mrs. Hinners does not step out of the meeting as requested by the Officers, and eventually sits back down. (Doc 31-8, Ex. A-7, 9:32-10:10).

During the exchange between Mrs. Hinners and the Officers, Mayor Hartung asks the Officers to remove Mrs. Hinners from the meeting. (Id.). Plaintiff responded, "I'm not leaving. I didn't do anything to disrupt. I took my three minutes and I sat down. I requested that I be treated the same as every other citizen who comes to this meeting. (Doc. 31-5, Ex. A-04, 0:03-0:12). Mayor Hartung responds stating, "you've created a scene, now please remove her." (Id. at 0:14-

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

0:17). Mrs. Hinners retorts, "You created a scene by bringing a policeman, abusing their power." (Id. at 0:18-0:21).

One of the Officers then asks Mrs. Hinners to "stand up" and Mrs. Hinners refuses to stand. (Id. at 0:22). The two police officers place their hands under Mrs. Hinners' arms as she is seated and guide her by her arms to the standing position. (Id. at 0:22-0:28). Mrs. Hinners attempts to pull away from the Officers, asking "Really?" (Id.). Mrs. Hinners asks the officers "You're going to physically remove me?" while jerking her body away from the Officers. (Id. at 0:28-0:30). An Officer responds, "Yes, we are." (Id. at 0:30). Mrs. Hinners continues to struggle with the Officers' attempts to lead her out of the room, forcing the Officers to place her against the wall to place her in handcuffs. (Id. at 0:30-0:45). Once handcuffed, Mrs. Hinners struggles against the officers, attempting to walk away, which forces an Officer to push Mrs. Hinners back with his hand on her abdomen. (Id. at 0:48-055). Plaintiff then tells the audience, "This is the kind of city we're running here folks." (Id. at 0:55-0:58). As the Officers adjust Mrs. Hinners' handcuffs, Mrs. Hinners states, "By all means, shut them in. I hope- we're going to have a good time in federal court." (Id. at 1:02-1:05; Doc 31-8, Ex. A-5, 0:18-0:19). The Officers then removed Mrs. Hinners from the meeting room and into the hallway. (Doc 31-8, Ex. A-5, 0:26-0:37).

That night, Mrs. Hinners was charged with violating Huron Codified Ordinance ("HCO") § 509.04, disturbing a lawful meeting, and was charged with resisting arrest the next day. (Doc 31-46, Ex. D1, Page ID # 1338; Doc 31-47, Ex. D-2, Page ID # 1339).

<u>Criminal Prosecution against Mrs. Hinners</u>

Plaintiffs' attorney, Subodh Chandra, emailed Ms. Lane on May 15, 2019 and asked Ms. Lane to dismiss the charges. (Doc 31-65, Ex. D-20, Page ID # 1398-1399). Mr. Chandra also requested Ms. Lane "consider issues of conflict" and noted, "[i]f an individual prosecutor needs to



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

4

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

be swiftly appointed, and you have that authority, then please do so immediately." (Id.). Consistent with this request, on May 23, 2019, Ms. Lane retained Mr. O'Shea as a special prosecutor for the case. (Doc 31-48, Ex. D-03, Page ID # 1340). Officer Orzech also filed an additional criminal complaint against Mrs. Hinners on July 17, 2019, charging Mrs. Hinners with violating HCO § 525.07, obstructing official business. (Doc 31-51, Ex. D-06, Page ID # 1349-1352).

Mayor Hartung, Mr. Schaffter, Mr. White, Mr. Ginesi, and Mr. Hardy also submitted witness statements about what occurred on May 14, 2019. (Doc 31-56, Ex. D-11; Doc 31-58, Ex. D-13; Doc 31-59, Ex. D-14; Doc 31-61, Ex. D-16).

Ultimately, Mr. O'Shea moved to dismiss the criminal charges against Mrs. Hinners without prejudice on October 7, 2019, and the Court granted this Motion. (Doc 31-55, Ex. D-10). On December 11, 2019, Mrs. Hinners filed a complaint for injunctive relief against Mr. O'Shea in his individual and official capacities. (Doc 1, Compl.). The Complaint asserted various claims under 42 U.S.C. § 1983 and sought declarations that the criminal codes under which Hinners was charged were unconstitutional. (Id.). The Complaint was Amended on March 25, 2020, adding Mr. Hinners as a Plaintiff and eleven additional defendants. (Doc 31, Am. Compl.). Plaintiffs now assert 33 causes of action against the various defendants.

## II.  Law and Argument

### A.  Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed- but within such time as not to delay trial." Fed. R. Civ. P. 12(c). Courts assessing a R. 12(c) motion must take all well-pleaded material allegations of the opposing party as true. *Tucker v. Middleburg-Legacy Place*, 549 F.3d 545, 549 (6th Cir. 2008). The complaint's allegations must give sufficient notice to the defendants about the claims alleged and the factual allegations must render the legal



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

claim plausible. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Importantly, legal conclusions couched as factual allegations need not be accepted as true. *Id.*

Plaintiffs attach over 100 exhibits to their Amended Complaint, each of which may be considered by the Court when evaluating Plaintiffs' claims for purposes of this R. 12(c) motion. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). In instances where a plaintiff attaches exhibits to the complaint, including videos, which contradict allegations in the complaint, the exhibits trump the allegations. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536-37 (6th Cir. 2017); *Landing v. Doyle*, No. 3:14-cv-24, 2015 U.S. Dist. LEXIS 19424, *6-7 (S.D. Ohio Feb. 18, 2015).

## B. There was probable cause to arrest Mrs. Hinners.

There was probable cause to arrest Mrs. Hinners during the May 14, 2019 City Council meeting. An arrest is lawful, "[i]f the facts known to the officers support probable cause in any form…" *Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020). Probable cause is present when, "there are enough 'facts and circumstances' to make a reasonable person believe that 'the accused was guilty of the crime charged.'" *Howse*, 953 F.3d at 408, quoting *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015). The videos Plaintiffs attach to their complaint establish there was probable cause to believe Mrs. Hinners disrupted a lawful meeting and obstructed official business, mandating the conclusion that she was lawfully arrested.

### 1. Mrs. Hinners unlawfully disturbed the May 14th Council meeting.

HCO 509.04 mirrors a state statute, Ohio Rev. Code § 2917.12, and states a person is guilty of disturbing a lawful meeting if the person, "… with purpose to prevent or disrupt a lawful meeting, procession, or gathering…" commits an act, "…which obstructs or interferes with the due conduct of such meeting, procession, or gathering." HCO 509.04(A)(1).



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Courts within Ohio have upheld convictions for disturbing a lawful meeting in nearly identical circumstances to those depicted in the videos. In *City of Columbus v. Doyle*, the Tenth District Court of Appeals, analyzing a nearly identical local ordinance, affirmed the appellant's conviction for unlawfully disturbing a Columbus School Board meeting after the appellant-speaker refused to obey the Board's three-minute time limit and then refused to sit down after his time expired. *Doyle*, 149 Ohio App.3d 164, 170, 2002-Ohio-4490 (10th Dist.). The Board called police and asked officers to remove the defendant, but the defendant then refused officer's requests to leave the meeting and officers were forced to physically remove him. *Id.* Ultimately, the Tenth District concluded the defendant's actions disturbed the meeting in a significant manner, and even if the defendant did not intend to disturb the meeting, he intended to engage in the conduct that ultimately disturbed the meeting. *Id.* at 170-171.

Likewise, in *City of Zanesville v. Jones*, the appellant was convicted of disrupting a lawful city council meeting because he continued speaking following the expiration of his three-minutes, was repeatedly asked to stop speaking, and was removed from the city council meeting by police. *City of Zanesville*, 2017-Ohio-1112, 2017 Ohio App. LEXIS 1095, ¶ 4 (5th Dist.). The Fifth District Court of Appeals recognized appellant's conduct interfered with the meeting and other attendees from having the opportunity to timely speak before council. *Id.* Appellant's conviction was ultimately upheld by the court. *Id.* at ¶ 14.

Here, like the appellants in *Doyle* and *City of Zanesville*, Mrs. Hinners disrupted the May 14th meeting when she refused to comply with the City's three-minute time limit, continued to speak after the time expired, argued with Mayor Hartung after her time expired, refused to sit down after being ordered to do so, and made disruptive and accusatory comments after she was not

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

granted additional time. (Ex. A-7, 3:30-4:15). She then disrupted the meeting when she refused to leave the meeting as requested by Mayor Hartung and the Officers. (Ex. A-7, 9:30-10:35).

It is irrelevant that the Officers did not personally witness Mrs. Hinners' initial criminal conduct because law enforcement officers are permitted to use, "… an eyewitness identification to establish adequate probable cause with which to sustain an arrest." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999). And, Mrs. Hinners continued to unlawfully disturb the meeting once Officers Koehler and Orzech arrived at the meeting.

In total, Mrs. Hinners' conduct unlawfully disturbed the May 14th council meeting, providing probable cause for Mrs. Hinners' arrest.

### 2. Mrs. Hinners obstructed official business during the May 14th Council meeting.

Obstructing official business is a crime Ohio courts interpret broadly. *Howse*, 953 F.3d at 408. An individual obstructs official business when he or she, "acts with the purpose of obstructing or delaying an officer from performing a lawful duty and… actually hampers or impedes the officer." *Id.*, citing Ohio Rev. Code § 2921.31; *State v. Henry*, 2018-Ohio-1128, 110 N.E. 3d 103, 116 (10th Dist. 2018). The statute requires an affirmative act, and actions which, "… make it more difficult for law enforcement to gain control of a situation" violate the statute. *Howse*, 953 F.3d at 408, citing *State v. Florence*, 2014-Ohio-2337, *3 (12th Dist.). Examples include when an individual: uses volume and demeanor that makes it impossible to investigate a complaint; engages in loud, boisterous, and uncooperative conduct; makes it more difficult for officers to arrest him or her by stiffening up their body and screaming; moves away from officers while subjecting the officers to verbal abuse and physically resisting; or refuses to leave a public meeting after disrupting a lawful meeting when asked to do so by a public official and police officer. *Id.*; *Florence*, 2014-Ohio-2337, *6; *City of Warren v. Lucas*, 11th Dist. Trumbull No. 99-T-0019, 2000 Ohio App. LEXIS 2416 (May 19, 2000); *State v. Merz*, 12th Dist. Butler No. 97-05-108, 2000

8

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Ohio App. LEXIS 3414 (July 31, 2000); *State v. Wolf*, 111 Ohio App. 3d 774, 779, 677 N.E.2d 371 (7th Dist. 1996).

Mrs. Hinners' behavior, as depicted in the video, provided Officers Koehler and Orzech with probable cause to arrest her. Mrs. Hinners affirmatively acted when she initially stood after the officers arrived to speak with her at the council meeting, but once the officers asked Mrs. Hinners to step out of the meeting, she refused and told the officers they would have to physically remove her. (Ex. A-7, 9:30-9:50). Shortly thereafter, disregarding the officers' requests, Mrs. Hinners sat back down into her seat, failed to comply with the officers' requests for her to leave the meeting, ignored Mayor Hartung's request to leave the meeting, physically resisted the officers as they attempted to guide her out of her seat, then pulled away from the officers as they tried to lift her out of her seat, and then physically resisted as they attempted to handcuff her. (Id. at 9:50-11:15). All constitute affirmative acts that impeded the Officers' ability to investigate whether Mrs. Hinners disrupted a public meeting.

Consequently, Mrs. Hinners' behavior at the May 14, 2019 meeting was expressly prohibited by HCO 525.07(a), thereby giving Officers Orzech and Koehler probable cause to believe she obstructed official business.

### C. Probable cause for Mrs. Hinners' arrest defeats Mrs. Hinners' retaliatory arrest claim (claim 2), malicious prosecution (claim 15), false arrest (claim 17), failure to intervene (claim 18), authorized action (claim 20), and state law false imprisonment (claim 27) claims.

The existence of probable cause to arrest Mrs. Hinners during the May 14th meeting defeats a litany of Plaintiff's federal law claims and entitles the City Defendants to qualified immunity on those claims. Probable cause also defeats Mrs. Hinners' state-law false imprisonment claim.

Qualified immunity shields government officials from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable

**FD**
**AR**
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

person would have known. *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 815 (2000). Qualified immunity ordinarily applies unless it is obvious that no reasonably competent official would have concluded the actions taken were unlawful. *Ewolski v. City of Brunswick,* 287 F.3d 492, 501 (6th Cir. 2002). Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (quoting *Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

Plaintiffs bear the burden of showing the defendants are not entitled to qualified immunity. *Untalan v. City of Lorain,* 430 F.3d 312, 314 (6th Cir. 2005). Plaintiffs must show both that, viewing the evidence in the light most favorable to them, a constitutional right was violated and that the right was clearly established at the time of the violation. *Scott v. Harris,* 550 U.S. 372, 377, 127 S.Ct. 1769 (2007); *Harrison v. Ash,* 539 F.3d 510, 517 (6th Cir. 2008).

Probable cause for Mrs. Hinners' arrest entitles the City Defendants to qualified immunity on the following claims: (1) Retaliatory Arrest/Prosecution (Claim 2); (2) malicious prosecution (Claim 15); (3) False Arrest (Claim 17); (4) Failure to Intervene (Claim 18); (5) and Plaintiffs' authorized action claims. It also defeats Plaintiff's state law false imprisonment claim (claim 27).

1. Probable cause defeats Mrs. Hinners' retaliatory arrest claim.

Supreme Court and Sixth Circuit precedent require the dismissal of Mrs. Hinners' retaliatory arrest claim. The Supreme Court of the United States recently held, "probable cause to make an arrest defeats a claim that the arrest was in retaliation for speech protected by the First Amendment." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1721, 204 L. Ed. 2d 1 (2019). The Sixth Circuit concluded *Nieves'* holding. "…makes clear, if there is a showing of probable cause, a retaliatory arrest claim fails." *Hartman v. Thompson*, 931 F.3d 471, 484-85 (6th Cir. 2019).

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

10

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

As discussed, there was probable cause for Mrs. Hinners' arrest. Consistent with binding precedent, this showing entitles the City Defendants to qualified immunity and requires the dismissal of Mrs. Hinners' retaliatory arrest claim (Claim 2).

> 2. Mrs. Hinners' malicious prosecution claim fails because there was probable cause for her arrest and prosecution.

Probable cause is also fatal to Mrs. Hinners' malicious prosecution claim. Mrs. Hinners' malicious prosecution requires Mrs. Hinners to establish: (1) a criminal prosecution was initiated against Mrs. Hinners and the defendants participated in that decision; (2) there was no probable cause for the criminal prosecution; (3) she suffered a deprivation of liberty because of the legal proceeding; and (4) the criminal proceeding was resolved in Mrs. Hinners' favor. *Day v. DeLong*, 358 F.Supp. 3d 687, 705 (S. D. Ohio 2019).

The existence of probable cause for the charges against Mrs. Hinners prohibits Mrs. Hinners from moving forward with her malicious prosecution claims. See *Howse*, 953 F.3d at 408. In *Howse*, the Sixth Circuit concluded the defendant-officers could not be liable for malicious prosecution because there was probable cause to believe the plaintiff obstructed official business. *Id.* The Court concluded that because there was probable cause to charge the plaintiff with obstructing official business charge, the plaintiff could not advance his malicious prosecution claim. *Id.*

Like the plaintiff in *Howse*, Mrs. Hinners cannot move forward with her malicious prosecution claim against the City Defendants because there was probable cause for the criminal charges against her. Resultantly, the City Defendants are entitled to qualified immunity on Mrs. Hinners' malicious prosecution claim, and this claim fails.

> 3. Probable cause precludes Mrs. Hinners' False Arrest Claim.

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

The existence of probable cause to arrest Mrs. Hinners defeats Mrs. Hinners' false arrest claim. False arrest claims fail where "there's just one valid reason for the arrest." *Howse*, 953 F.3d at 409. An individual may be lawfully arrested, "[i]f the facts known to officers support probable cause in any form." *Devenpeck v. Alford*, 543 U.S. 146, 155, 125 S.Ct. 588 (2004). A false arrest claim cannot move forward when the arrest is supported by probable cause on one charge. *Howse*, 953 F.3d at 409.

Because there was probable cause to arrest Mrs. Hinners, the City Defendants are entitled to qualified immunity and Mrs. Hinners' false arrest claim must be dismissed.

4. The City Defendants did not fail to intervene because no constitutional violation occurred when Mrs. Hinners was arrested.

Plaintiffs' generic failure to intervene claim also fails because no constitutional violation occurred when Mrs. Hinners was removed from the City Council meeting, arrested, or prosecuted. A failure to intervene claim requires the plaintiff to show (1) the defendant observed or had reason to know a constitutional violation was occurring; and (2) has the means and opportunity to intervene but fails to do so. *Fazica v. Jordan*, 526 F.3d 283, 295 (6th Cir. 2019).

Preliminarily, at least one Court within the Sixth Circuit has "questioned the validity" of a general failure to intervene claim premised on individual city council members alleged failure to stop the city's mayor from violating the plaintiff's constitutional rights. *Brikho v. City of Inkster*, 2019 U.S. Dist. LEXIS 148215, FN 2 (E.D. Mich. Aug. 30, 2019). Regardless, Mrs. Hinners' claim fails because no constitutional violation occurred; as discussed in Section II(B) of this motion, there was probable cause to remove, arrest, and prosecute Mrs. Hinners. In the absence of an underlying constitutional violation, this claim fails.

The caption included on p. 61 of the Amended Complaint implicates Mr. Hinners also brings a failure to intervene claim against the City Defendants. However, Plaintiffs make no

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

allegations specific to Mr. Hinners or how the City Defendants failed to intervene to prevent an alleged constitutional violation, instead focusing their complaints on alleged improper actions committed against Mrs. Hinners. (Am. Compl. ¶¶ 388-394). Thus, to the extent Mr. Hinners contends the City Defendants are liable to him for failure to intervene, this claim also must be dismissed.

     5.   <u>Plaintiffs' "authorized action" claim (claim 20) fails because there was probable cause for Mrs. Hinners' arrest</u>

Plaintiffs' authorized action claim is premised on Mrs. Hinners' arrest, and subsequent prosecution. (Am. Compl. ¶¶ 405-411). To successfully allege this claim, she must show: (1) a constitutional violation occurred; and (2) the City is responsible for the violation. *Doe v. Clairborne Cnty.*, 103 F.3d 495, 505 (6th Cir. 1996). Based upon the allegations, Mrs. Hinners contends the City is liable because Ms. Lane, Mr. White, and Chief Lippert are policymakers with final decision-making authority, which can render a municipality liable provided several requirements are met. *Pembauer v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

But, to be successful on this *Monell* claim, Plaintiffs must first establish a constitutional violation occurred. The Amended Complaint premises the City's alleged liability on Mrs. Hinners' arrest, removal from the meeting, and subsequent prosecution. (Am. Compl. ¶¶ 405-411). Because Mrs. Hinners' arrest and prosecution were supported by probable cause, Plaintiffs simply cannot maintain this claim when it is premised on allegations contending her arrest and subsequent prosecution were unconstitutional.

     6.   <u>Mrs. Hinners' state law false imprisonment fails because there was probable cause for her arrest.</u>

Mrs. Hinners contends Officers Orzech and Koehler are liable for false imprisonment in their official and individual capacities. (Am. Compl. ¶¶ 459-462). As detailed in Section II(I) of



FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

13

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

this motion, the Officers are statutorily immune from Mrs. Hinners' official capacity false imprisonment claim.

With respect to Mrs. Hinners' individual capacity claim, probable cause for Mrs. Hinners' arrest defeats this claim. There is a distinction between the torts of false arrest and false imprisonment under Ohio law. *Evans v. Smith*, 646 N.E.2d. 217, 224 (1st Dist. 1994), citing *Rogers v. Barbera*, 170 Ohio St. 241, 243 (Ohio 1960). A false arrest requires detention by reason of an asserted legal authority to enforce the process of the law. *Id.* A claim for false imprisonment exists when "the detention is purely a matter between private persons for a private end, and there is no intention of bringing the person before a court, or of otherwise securing the administration of the law." *Id.*

Mrs. Hinners labels her claim false imprisonment, but by virtue of Officers Orzech and Koehler's status as law enforcement officers acting under "color of state and local law", Mrs. Hinners' claim is essentially a state law false arrest claim. (Am. Compl. ¶ 21). A determination that Mrs. Hinners arrest and detention were undertaken with probable cause "effectively determines the issue, relevant to a false arrest or false imprisonment claim, of whether the individual was arrested and detained without lawful justification." *Evans*, 646 N.E.2d at 225. Here, probable cause for Mrs. Hinners' arrest "effectively determines the issue" defeating Mrs. Hinners' state law false imprisonment claim.

### D. HCO § 509.04 and § 525.07 are not unconstitutional as applied to Mrs. Hinners.

HCO § 509.04 and § 525.07 are not unconstitutional as applied to Mrs. Hinners. By making an unconstitutional as-applied challenge, Mrs. Hinners alleges the application of both ordinances in the particular context in which she acted is unconstitutional. See *Women's Medical Professional Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997), quoting *Ada v. Guam Socy of Obstetricians*

FD
AR
LLP
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

*and Gynecologists*, 506 U.S. 1011, 1012 (1992). The ordinances do not violate Mrs. Hinners' First or Fifth Amendment rights as applied to her, requiring dismissal of claims 4, 5, and 6.

1.  HCO § 509.04, as applied to Mrs. Hinners, does not violate her First Amendment Rights.

HCO § 509.04 does not violate Mrs. Hinners' First Amendment rights because the ordinance does not regulate the content of Mrs. Hinners' speech, but rather, regulates Mrs. Hinners' "conduct and the act of speaking when the actor's intent is not to facilitate the exchange of ideas but rather to disrupt or prevent either an exchange or the legitimate expression of ideas by others." *State v. Brand*, 2 Ohio App.3d 460, 462, 442 N.E.2d 805, 809 (1st Dist. 1981). In *Brand*, the court rejected an as-applied challenge to the state statute identical to HCO § 509.04, concluding application of the statute did not violate the First or Fourteenth Amendment. *Id.* The court recognized the statute regulates conduct, not the content of speech. *Id.*

As discussed in Section II(B)(1) of this Motion, HCO § 509.04 is lawfully applied to Mrs. Hinners' conduct, not the content of her speech. Resultantly, Mrs. Hinners' as-applied challenge based on HCO § 509.04 fails, and this claim (claim 4) must be dismissed.

2.  HCO § 525.07, as applied to Mrs. Hinners, does not violate her First Amendment Rights.

As discussed in Section II(B)(2) of this Motion, HCO 525.07 requires an affirmative act. See *supra*. Mrs. Hinners committed multiple affirmative acts which gave the Officers probable cause to arrest her, and her arrest was not premised on her "refusal to speak" to the Officers. (See Doc 31-51, Ex. D-06, Page ID # 1349; Am. Compl. ¶ 288).

The documents and video attached to the Amended Complaint show HCO § 525.07 was applied to Mrs. Hinners' conduct, not her speech, and those exhibits trump Mrs. Hinners'

FD  FISHEL DOWNEY
AR  ALBRECHT & RIEPENHOFF LLP℠
     Attorneys at Law

15

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

conclusory allegations that the ordinance was applied to her speech. See *Cates*, 874 F.3d at 536-37. Thus, this as-applied challenge fails and must be dismissed.

### 3. HCO § 525.07, as applied to Mrs. Hinners, does not violate her Fifth Amendment Rights

In claim 6, Mrs. Hinners claims HCO § 525.07 cannot be constitutionally applied to her because it violates her Fifth Amendment right to self-incrimination. (Am. Compl. ¶ 292). However, a § 1983 claim alleging violations of an individual's Fifth Amendment right to be free from self-incrimination only occurs, "…if one has been compelled to be a witness against himself in a criminal case." *Burns v. Heyns*, No. 1:14-cv-733, 2015 U.S. Dist. LEXIS 91744, *25-27 (W.D. Mich. July 15, 2015), citing *Chavez v. Martinez*, 538 U.S. 760, 770 (2003). In fact, an individual only suffers "the requisite constitutional injury for purposes of a § 1983 action" when an individual's compelled statements are used in a criminal proceeding. *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005).

Mrs. Hinners premises her Fifth Amendment § 1983 claim on her "refusal to speak to the police." (Am. Compl. ¶ 292). The Amended Complaint does not contend Mrs. Hinners gave compelled statements during the criminal prosecution against her. (see generally, Am. Compl.). Rather, the Amended Complaint describes, in painstaking detail, how the criminal charges filed against Mrs. Hinners were dismissed before trial. (Am. Compl. ¶¶ 193-231). Because Mrs. Hinners does not contend her compelled statements, or lack thereof, were used against her in a criminal proceeding, she fails to state her Fifth Amendment claim.

### E. HCO 509.04 is not void for vagueness or overbroad, requiring dismissal of claims 7 and 8.

HCO 509.04 is not impermissibly vague and it is not overbroad. As noted previously, HCO 509.04 mirrors an Ohio Rev. Code § 2917.12. At least two Ohio appellate courts have found HCO



16

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

509.04's state corollary was not void for vagueness or unconstitutionally overbroad. *Doyle*, 149 Ohio App.3d at 168; *Brand*, 2 Ohio App.3d at 461-62. This Court should conclude the same.

Statutes are presumed to be constitutional. *State v. Dorso*, 4 Ohio St.3d 60, 61, 446 N.E. 2d 449 (1983). Courts, "must apply all presumptions and pertinent rules of construction so as to uphold" an ordinance's constitutionality and "indulge every reasonable interpretation favoring the ordinance." *Id.*

A statute is void for vagueness if it does not, "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute." *Brand*, 2 Ohio App.3d at 461, citing *United States v. Harriss*, 347 U.S. 612, 617 (1954). In *Brand*, when faced with a void for vagueness challenge to § 2917.12, Ohio's 1st Appellate District found the statute was "clear and unequivocal" and succinctly concluded, "[w]e find no imprecision in the statutory language that would prevent a person of ordinary intellect from knowing what is and what is not prescribed." *Brand*, 2 Ohio App.3d at 461. In *Doyle*, Ohio's 10th District Court of Appeals agreed with *Brand's* rationale to the City of Columbus' ordinance, also concluding the ordinance was "clear and unequivocal." *Doyle*, 149 Ohio App.3d at 168. Likewise, HCO 509.04, identical to the statutes considered in *Brand* and *Doyle*, is "clear and unequivocal." Therefore, contrary to Mr. Hinners' conclusory allegations, the statute gives persons of ordinary intelligence fair notice of what conduct is forbidden, and HCO 509.04 is not void for vagueness.

Mr. Hinners also contends HCO 509.04 is overbroad. A statute can be, "unconstitutionally overbroad if its sanctions substantially prohibit activities protected by the First Amendment." *Doyle*, 149 Ohio App.3d at 168-69, citing *Grayned v. Rockford*, 408 U.S. 104 (1972). When a statute is challenged as unconstitutionally overbroad, courts must assess if the statute also prohibits

a "substantial amount of conduct" that is not punishable under the First and Fourteenth Amendment. *Doyle*, 149 Ohio App.3d at 169.

As recognized by the court in *Brand*, ordinances like HCO 509.04 regulates conduct, not speech. *Brand*, 2 Ohio App.3d at 462. The ordinance is, "designed to preserve the free speech of those conducting a lawful meeting by preventing others from disrupting it." *Id.* Ultimately, the courts in both *Brand* and *Doyle* concluded the statutes/ordinances at issue were not unconstitutionally overbroad and did not violate the First or Fourteenth Amendments because they were reasonable time, place, and manner restrictions. *Id.*; *Doyle*, 149 Ohio App.3d at 169, citing *Grayned*, 408 U.S. 104. It follows, then, that the City's identical ordinance, HCO 509.04, is also not unconstitutionally overbroad.

HCO 509.04 is not void for vagueness, nor is it unconstitutionally overbroad, requiring dismissal of claims 7 and 8.

### F. Mrs. Hinners' False Arrest claim fails against Mayor Hartung, Mr. White, and Chief Lippert because they did not arrest Mrs. Hinners.

Although probable cause to arrest Mrs. Hinners defeats Mrs. Hinners' false arrest claim, Mrs. Hinners' false arrest claim against Mayor Hartung, Mr. White, and Chief Lippert in their individual capacities also fails because they did not arrest Mrs. Hinners. Generally, an arrest requires the physical application of force or submission to an officer's show of force or assertion of authority; "mere words" cannot constitute an arrest. *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547 (1991). And a defendant who did not arrest the plaintiff cannot be held liable for false arrest. See *Day v. DeLong*, 358 F.Supp. 3d 687, 709 (S. D. Ohio 2019).

Here, there are no allegations Mayor Hartung, Mr. White, or Chief Lippert physically arrested Mrs. Hinners. Even if Mayor Hartung, Mr. White, or Chief Lippert ordered Mrs. Hinners' arrest, these orders, mere words, do not constitute an arrest under the Fourth Amendment.

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

18

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Consequently, Mayor Hartung, Mr. White, and Chief Lippert are entitled to qualified immunity on this claim and Mrs. Hinners' false arrest claim against them must be dismissed.

### G. Plaintiffs fail to state a § 1983 Civil Conspiracy Claim.

The intracorporate conspiracy doctrine bars Plaintiffs' § 1983 conspiracy claim against the City, Mayor Hartung, Mr. White, Mr. Ginesi, Mr. Schaffter, Mr. Hardy, Chief Lippert, Officer Orzech, and Officer Koehler. Plaintiffs alleging conspiracy claims under § 1983 must establish, "(1) a single plan existed; (2) the conspirators shared a conspiratorial objective to deprive plaintiffs of their constitutional rights; and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019), citing *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).

The Sixth Circuit recently expanded the intracorporate conspiracy doctrine to apply to § 1983 conspiracy claims. *Jackson,* 925 F.3d at 818. Under the intracorporate conspiracy doctrine, when all, "...defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* at 817, citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994). This is because a corporation or government entity cannot conspire with its own agents or employees. *Johnson*, 40 F.3d at 893-840; *Jackson*, 925 F.3d at 819; see also *Hull v. Cuyahoga Valley Jt. Vocational Sch. Dist. Bd. of Educ.*, 926 F.3d 505, 510 (6th Cir. 1991) (a school district superintendent, district's executive director, and school administrator were not two separate people to form a conspiracy because they were all employees and agents of the school board).

Plaintiffs name the City, Mayor Hartung, Mr. White, Ms. Lane, Mr. Ginesi, Mr. Schaffter, Mr. Hardy, Chief Lippert, Officer Orzech, Officer Koehler, and Mr. O'Shea in their § 1983 conspiracy claim. But, the City cannot conspire with any of the aforementioned individuals because they are all agents or employees of the City. Mayor Hartung, Mr. Ginesi, Mr. Schaffter,

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

and Mr. Hardy were all City Council members; Mr. White, Chief Lippert, Officer Orzech, and Officer Koehler were all City employees; and Ms. Lane and Mr. O'Shea were the City's agents. (Am. Compl. ¶¶ 10-18, 20). Because these Defendants were all members of the same collective entity, the City, Plaintiffs' § 1983 conspiracy claim fails and must be dismissed.

### H. Plaintiffs' Civil Conspiracy Claim under § 1985(3) also fails.

Plaintiffs' Amended Complaint fails to state an actionable conspiracy claim under 42 U.S.C. § 1985(3). A conspiracy in violation of § 1985(3) requires: (1) a conspiracy by two or more individuals; (2) designed for directly or indirectly depriving "any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws;" (3) acts committed to further the conspiracy; (4) that results in a person, "either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Vaklian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003). Plaintiffs' claim fails because it is barred by the intracorporate conspiracy doctrine and because Plaintiffs are not a class protected under § 1985(3).

Similar to Plaintiffs' § 1983 conspiracy claim, under the intracorporate conspiracy doctrine, the first element of a § 1985(3) conspiracy claim is not met when all defendants are members of the same collective entity. *Gamino-Ramirez v. Hoornstra*, 2018 U.S. Dist. LEXIS 233789 (W.D. Mich. Feb. 22, 2018). As discussed in Section II(G) of this Motion, the named Defendants are all employees or agents of the City. The addition of Walter Haverfield as a defendant to this claim does not impact the applicability of the doctrine. The City contracted with Walter Haverfield, its agent, and Ms. Lane acted on behalf of the City and Walter Haverfield. Consequently, the named Defendants are part of a single governmental entity, the City, and cannot conspire with one another, barring Plaintiffs' claim.

Plaintiffs' claim also fails because Plaintiffs are not members of a class protected by § 1985(3). Protections under § 1985(3) are extended to a class of individuals who, "…must possess

FD
AR

FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters. Inc. v. Fin Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994). To be considered members of a class protected by § 1985(3) beyond race, "the term unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendants disfavors." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269, 223 S.Ct. 753 (1993).

Plaintiffs contend they are members of a protected class because they are opposed to Defendants' political goals. (Am. Compl. ¶ 433). They make no allegations they were subjected to retaliation because of their support for a particular candidate, or they are members of a clearly defined class, or others share their desire to engage in similar conduct, or they even support a particular political viewpoint other than opposing Defendants' actions. Instead, Plaintiffs' contentions merely show they desire to engage in conduct they believe Defendants disfavor, opposition, which is simply insufficient to establish a protected class. See *Bray*, 506 U.S. at 269.

Plaintiffs do not contend they are members of a "class of one", but even if they did, neither have alleged they are entitled to the special kind of protection afforded by § 1985(3) for such a class. See *Royal Oak Entm't, LLC v. City of Royal Oak*, 205 F.App'x 389, 399 (6th Cir. 2006). For these reasons, Plaintiffs' § 1985(3) conspiracy claim fails as a matter of law.

### I. Plaintiffs intentional tort claims against the City and official-capacity intentional tort claims against the City Defendants fail.

The City and City Defendants in their official capacities are entitled to statutory immunity from Plaintiffs' intentional tort claims; namely, Plaintiffs' assault, battery, false imprisonment, and state law civil conspiracy claims. Ohio courts consistently hold political subdivisions are immune from intentional tort claims. *Harris v. Sutton*, 183 Ohio App.3d 616, 2019-Ohio-4033, 918 N.E. 2d 181, ¶ 15 (8th Dist.), citing *Wilson v. Stark Cnty. Dep't of Human Servs.*, 70 Ohio St.3d 450,

FD
AR  FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

639 N.E.2d 105, 107 (1994); see also *Zieber v. Heffelfinger*, 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227, ¶ 27. As such, the City is immune from Plaintiffs' assault, battery, false imprisonment, and state law civil conspiracy claims.

As employees of the City, suits against Mr. Hardy, Chief Lippert, Officer Orzech, and Officer Koehler in their official capacities are suits against the City itself, which entitles them to the same immunity due the City. *Newton v. City of Cleveland Law Dep't.*, 8th Dist. Cuyahoga No. 102042, 2015-Ohio-1460 *17, citing *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585. Consequently, Officers Orzech and Koehler are entitled to statutory immunity on Plaintiffs' official capacity assault, battery, and false imprisonment claims, and Mr. Hardy, Chief Lippert, and Officers Orzech and Koehler are entitled to statutory immunity on Plaintiffs' official-capacity civil conspiracy claims.

### J. Plaintiffs' state law civil conspiracy claim also fails because it is barred by the intra-corporate conspiracy doctrine.

In Ohio, a plaintiff alleging a civil conspiracy claim must establish: (1) a malicious combination; (2) involving two or more persons; (3) injury to persons or property; and (4) the existence of an unlawful act independent from the actual conspiracy. *Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Indus. Int'l.*, No. 2:14-cv-593, 2015 U.S. Dist. LEXIS 16941, at *3 (S.D. Ohio Feb. 11, 2015). The intracorporate conspiracy doctrine also applies to civil conspiracy claims brought under Ohio law. *Engle v. City of Cuyahoga Falls*, 2015 U.S. Dist. LEXIS 80654, *25-26 (N. D. Ohio June 22, 2015); see also *Kerr v. Hurd*, 694 F.Supp.2d 817, 834 (S. D. Ohio 2010).

As discussed in Section II(G) of this Motion, the intracorporate conspiracy doctrine bars Plaintiffs' state law conspiracy claim because an entity cannot conspire with its own agents or employees. *Kerr*, 694 F.Supp. 3d at 834.

FD
AR
FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

**K. The City is entitled to judgment as a matter of law on Plaintiffs' negligent hiring/retention/supervision claim.**

Plaintiffs' negligent hiring/retention/supervision claim against the City fails because the City is entitled to statutory immunity on this claim. Even if this Court concludes the City is not statutorily immune, this claim fails because neither Ms. Lane nor Mr. O'Shea's actions were foreseeable, defeating Plaintiffs' negligent hiring/retention/supervision claim.

1. <u>Statutory immunity shields the City from liability.</u>

The City is statutorily immune from Plaintiffs' negligent hiring/retention/supervision claim pursuant to Ohio Rev. Code Chapter 2744. Ohio Rev. Code Chapter 2744 applies a three-tiered analysis to determine if a political subdivision is entitled to immunity from liability. *Gomez v. Noble County Children Servs.*, 7th Dist. Noble No. 09 NO 361, 2010-Ohio-1538, *35. First, a political subdivision is immune from liability incurred in performing either a governmental or proprietary function. *Id.*, citing *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 281; see also *Wilson v. Stark County Dep't. of Job & Family Servs.*, 2015-Ohio-5326 *22, citing *Greene County Agricultural Society v. Liming*, 89 Ohio St.3d 551, 556-557. This immunity is not absolute, and courts must next analyze whether any of the five exceptions to immunity listed in Ohio Rev. Code § 2744.02(B) apply. *Id.* If any exceptions to immunity in Ohio Rev. Code § 2744.02(B) apply, then the court must assess whether any defenses in Ohio Rev. Code § 2744.03 apply, therefore affording the political subdivision a defense to liability. *Id.*

Because Ms. Lane and Mr. O'Shea were performing prosecutorial functions at all times relevant to this action, both were engaged in governmental functions. Ohio Rev. Code § 2744.01(C)(2)(f). Moreover, both Ms. Lane and Mr. O'Shea were engaged in functions relative to the enforcement of law, HCO §§ 509.04 and 525.07(a), which are also governmental functions.

FD AR  FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway Suite 200 New Albany, Ohio 43054

(614) 221-1216 PH (614) 221-8769 FX www.fisheldowney.com

Ohio Rev. Code § 2744.01(C)(2)(i). Accordingly, for the City to be subject to liability, one of the five exceptions to immunity listed in Ohio Rev. Code § 2744.02(B) must apply.

A review of the five exceptions listed in Ohio Rev. Code § 2744.02(B) establishes there are no applicable exceptions that subject the City to liability. Plaintiffs do not allege Ms. Lane or Mr. O'Shea: caused injury, death, or loss for the negligent operation of a motor vehicle, engaged in a proprietary function, failed to keep public roads in repair, caused injury to Plaintiff due to physical defects of in a City building, and there are no specific statutes which impose liability on a political subdivision for acts at issue in this case.

Even if an exception applied, the City is still entitled to immunity pursuant to Ohio Rev. Code § 2744.03(A)(1) and (A)(3). Under § 2744.03(A)(1), the City is immune because, again, Ms. Lane and Mr. O'Shea were engaged in prosecutorial functions. The City is also immune because the City's decision to hire Ms. Lane, and Ms. Lane's decision to hire Mr. O'Shea, are discretionary acts entitled to immunity under § 2744(A)(3). See *Fuller v. Cuyahoga Metro.*, 8th Dist. Cuyahoga No. 92270, 2009-Ohio-4716, *9 (hiring decisions are discretionary acts for purposes of Ohio Rev. Code § 2744.03(A)(3)). And, to the extent this claim is premised on Ms. Lane and Mr. O'Shea's actions, all the actions Plaintiffs cite to support this claim were within Ms. Lane's and Mr. O'Shea's discretion. Accordingly, the City is entitled to statutory immunity on Plaintiffs' negligent hiring/retention/supervision claim.

>   2.  <u>Even if the City is not entitled to statutory immunity, which it is, Plaintiffs' claim fails to sufficiently allege a negligent/reckless hiring/retention/supervision claim.</u>

Plaintiffs fail to adequately plead their negligent training/supervision/retention claim. Such a claim requires: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff' injuries; and (5) the employer's negligence in

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

hiring or retaining [or training or supervising] the employee as the proximate cause of the plaintiff's injuries." *Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661, ¶ 41 (2nd Dist.).

The employer is not liable if the employee's actions which give rise to the negligence claim were not foreseeable. *See, e.g., Walters v. Hawken School*, 8th Dist. Cuyahoga No. 75274, 1999 Ohio App. LEXIS 192 (Jan. 28, 1999) (school and its director were not liable under a negligent supervision theory because teacher's actions were not foreseeable); *Dawn v. AirTouch Cellular*, 42 F.Supp.2d 767, 771-72 (S.D. Ohio 1999) (Noting that "Ohio cases which address the issue of negligent hiring and retention look to foreseeability as the test of employer liability."). Liability is only imposed when the misconduct was anticipated. *Silvers v. Clay Twp. Police Dept.* 2018-Ohio-2970, 117 N.E. 3d 954, ¶ 57 (2nd Dist.).

With respect to Ms. Lane, there are no allegations that Ms. Lane had a history of incompetence or tortious propensity. There are no allegations that Ms. Lane engaged in the same or similar type of misconduct on more than one occasion. See *Collins v. Flowers*, 9th Dist. Lorain C.A. No. 04CA008594, 2005-Ohio-3797. The only allegation with respect to Ms. Lane is that she knew about the alleged retaliation campaign and did not stop it. (Am. Compl. ¶ 473). And, a party cannot reasonably foresee an employee's tortious propensities for potential misconduct unless the same party previously experienced similar incidents of misconduct with that same employee. *Id.* at ¶ 36. Plaintiffs do not contend the City was aware that Ms. Lane previously violated constitutional rights and permitted her to do so, requiring dismissal of this claim against the City.

Turning to Mr. O'Shea, the allegations that a background check would have allegedly revealed information about Mr. O'Shea's personal finances and continuing legal education do not state a claim for negligent training/supervision/retention. (Am. Compl. ¶ 134). Employers have no

**FD AR** FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

25

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

duty to conduct a background check. *Steppe v. Kmart Stores*, 737 N.E.2d 58, 67 (Ohio App. 8th Dist. 1999). These allegations do not contend that Mr. O'Shea improperly performed prosecutorial duties in the past, and have no relation to any alleged Constitutional violations. There are no facts alleged in the Amended Complaint which would purportedly place the City on notice that Mr. O'Shea previously engaged in the same or similar type of misconduct at issue here, also warranting dismissal of this claim.

### L. Plaintiffs fail to adequately plead their records destruction claim brought pursuant to Ohio Rev. Code § 149.351.

Ohio Rev. Code § 149.351(A) prohibits public offices from destroying or disposing of their public records unless prohibited by law or consistent with the office's public records retention schedule. *Rhodes v. City of New Philadelphia*, 2011-Ohio-3279, 129 Ohio St.3d 304, 308. To succeed in a claim brought pursuant to Ohio Rev. Code § 149.351, a plaintiff must: (1) have requested the public records; (2) the public office must be obligated to honor the request; (3) the office must have disposed of the public records in violation of § 149.351(A); and (4) the requestor must be "aggrieved by the improper disposal." *Id.* A records requestor is considered "aggrieved" under the statute when the requestor makes a request, "with the goal of accessing the public records." *Id.* at 787.

In Plaintiffs' Amended Complaint, Plaintiffs merely contend that Chief Lippert and Officer Orzech deleted text messages and conclusively state they were aggrieved by the deletion of the records. (Am. Compl. ¶¶ 72, 495-501). Plaintiffs do not allege they made a public records request for the allegedly deleted records, and Plaintiffs merely conclusively state, without any supporting facts, they were "aggrieved" by the deletion of the records. (Id.).

Plaintiffs' Amended Complaint fails to contain sufficient factual support to state a plausible claim under Ohio Rev. Code § 149.351; Plaintiffs do not contend they made a public records



FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

request for the complained-of records, nor do they provide facts to support their contention that they are aggrieved requestors. Plaintiffs allegations in pursuit of this claim do not render this claim plausible, requiring dismissal.

## III.   Conclusion

For the foregoing reasons, the City Defendants are entitled to judgment on the pleadings on Plaintiffs' retaliatory arrest (claim 2), unconstitutional as applied challenges (claims 4, 5, and 6), void for vagueness and unconstitutionally overbroad claims (claims 7 and 8), malicious prosecution claim (claim 15), false arrest claim (claim 17), failure to intervene claim (claim 18), § 1983 civil conspiracy claim (claim 19), authorized action claim (claim 20), § 1985(3) civil conspiracy claim (claim 23), state law civil conspiracy claim (claim 28), negligent hiring/retention/supervision claim (claim 29), and destruction of records claim (claim 31) must be dismissed in their entirety. The City and City Defendants named in their official capacities are also entitled to dismissal of Plaintiffs' state law intentional tort claims (claims 25, 26, 27, and 28).

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Stephanie L. Schoolcraft (0090682)
**FISHEL DOWNEY ALBRECHT RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
ddowney@fisheldowney.com
sschoolcraft@fisheldowney.com
*Counsel for Defendants City of Huron, Brad Hartung, Andrew White, Glen Ginesi, Rick Schaffter, Trey Hardy, Robert Lippert, John Orzech, and Kevin Koehler*



FD
AR  FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

27

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **Motion for Judgment on the Pleadings** was served, via the Court's CM/ECF system, upon all counsel on July 21, 2020.


Respectfully Submitted,


s/ Daniel T. Downey
Daniel T. Downey (0063753)
*Counsel for Defendants City of Huron, Brad Hartung, Andrew White, Glen Ginesi, Rick Schaffter, Trey Hardy, Robert Lippert, John Orzech, and Kevin Koehler*


*PERSO\PERSO Litigation\Hinners v. O'Shea\Pleadings (Word)\2020.07.20- Motion for Judgment on the Pleadings.docx*

FD
AR FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

28

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com