# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STACY HINNERS, *et al.*, ) | Case No. 1:19-cv-2868 |
| ) | |
| Plaintiffs, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. O'SHEA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

The nine City Defendants—the City of Huron, Mayor Brad Hartung, City Manager Andrew White, Glen Ginesi (a member of the Huron City Council), Rick Schaffter (a member of the Huron City Council), Trey Hardy (a member of the Huron City Council), Chief Robert Lippert, Officer John Orzech, and Officer Kevin Koehler—seek reconsideration of the Court's conclusion in its Opinion and Order that Section 509(a)(2) of the Huron Codified Ordinances is unconstitutionally vague. (ECF No. 90, PageID #2329.)  Specifically, these Defendants argue for reconsideration "to prevent manifest injustice" to them.  (*Id.*)

## GOVERNING LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.  This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

Reconsideration constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similarly, a party may not simply reargue matters previously raised. *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). At bottom, a motion for reconsideration allows a court to correct its own errors. *Hines*, 414 F. Supp. 3d at 1081.

## ANALYSIS

Under these governing principles, the arguments Defendants make for reconsideration could have or should have been made as part of their briefing at the pleading stage. Therefore, the Court declines substantively to address them.

To the extent Defendants seek clarification whether the Court declared the ordinance unconstitutionally vague or whether Plaintiffs state such a claim, the procedural posture answers that question. Plaintiffs did not seek a judgment on the pleadings. At this stage of the proceedings, the Court has ruled that Plaintiffs may pursue that claim. Defendants suggest that the parties and the Court might be better positioned to decide this issue after discovery. That subject is one for discussion at the initial case management conference.

Further, Defendants' objection that Plaintiffs did not argue that Section 509(a)(2) itself is vague fails. As they note (ECF No. 90, PageID #2330), Plaintiffs argued that the entirety of Section 509 of the Huron Codified Ordinances is unconstitutionally vague. In part, the Court agreed, concluding that the claim regarding one part of the ordinance may proceed. If Defendants' position is that the ordinance is not severable, then that analysis would apply to the entirety of the ordinance.

**SO ORDERED.**

Dated: June 29, 2022

						*/s/ J. Philip Calabrese*
						————————————————
						J. Philip Calabrese
						United States District Judge
						Northern District of Ohio

4